## JAMES W. BROWN AGT. MATHIAS J. APP.

*Error : Exceptions.*

1. The supreme court will not take notice of alleged errors in the record and proceedings of inferior courts, unless they are objected or excepted to at the proper time.

[NOTE.—See Small agt. Douthitt, 1 Kansas, 335 ; Koehler agt. Ball, 2 Kansas, 160 ; Lender agt. Caldwell, 4 Kansas, 339.]

ERROR from the District Court of the First Judicial District in and for Leavenworth County.

*By the Court*—PETTIT, C. J.

On the 17th day of May, 1859, App filed, in the first district court, sitting in the county of Leavenworth, from which court this cause comes, on petition in error, his petition against Brown, to recover the

James W. Brown agt. Mathias J. App.

amount of two promissory notes, both dated September 3d, 1856, one payable on the 26th day of December, 1856, and the other on the first day of March, 1857. The notes were given in Illinois, by Brown to one Cullum, and by him assigned to one Prettiman, and by him assigned to the plaintiff, by endorsement thereon, and delivery in both instances. The petition is regular, and in due form and substance. On the 15th day of June, 1859, the defendant filed an answer of the statute of limitations, that the right of action had accrued more than two years before suit had commenced. On the 20th of June, 1859, a demurrer was filed to this answer, and the case continued. At the August term, the demurrer was sustained, and the record does not show that this ruling was excepted to, and it can not, therefore, be properly assigned as an error. If a party wishes to avail himself, in this court, of the supposed errors of the court below, he must show that he objected or excepted to the rulings, or it will be presumed that he acquiesced in them. The Statute of 1859, page 128, is clear upon this subject. It is the right of the adverse party to know which rulings of the court, in his favor, are excepted to, in order that he may be prepared to sustain them in this court, and he is at liberty to regard such rulings as approved by his adversary, if they are not excepted to, and it is the duty of the court to protect the rights of the parties in this respect. It was the well-settled rule of practice, at common law, that courts of error would not take notice of alleged errors in the record and proceedings of inferior courts, un-

less they were objected or excepted to at the proper time, and the statute has not changed, but confirmed this rule. Our minds are made up as to how we would decide this case, had the ruling of the court, in sustaining the demurrer, been excepted to, but we decline to pronounce any judgment on this point, because there is not a case before us that warrants it. We are not willing to decide cases that are or may be made error by the agreement of parties, but only such as exist in fact, and are properly brought before us. There is another alleged error, and that is, that the court refused leave to file an additional or an amended answer, which was tendered on sustaining the demurrer, supported by an affidavit of Brown, that he had a good defense, as shown in the answer offered; that he fully relied on the statute of limitations, under the advice of his counsel; and that he did not plead the statute for the purpose of delay, but in good faith. On the 9th day of June, 1859, six days before the statute of limitations was pleaded, the district court entered of record the following rule, which, it is not pretended, was not well known to the attorneys of court, or, especially to those of Brown, in this case: " *Rules of Court.*" " It is ordered, as a standing rule of this court, that motions, demurrers and answers, by defendants, may, and must, all be filed together, on or before the day the answer is due, and the plaintiff must file all motions, demurrers and replies, on or before the day the reply is due, and they shall be respectively taken up and disposed of in their order, and no such paper shall be filed after the day on which it is due, without leave

James W. Brown agt. Mathias J. App.

of the court, on a special case made." No such special case was made, as was contemplated by this rule. It was only that he had a good defense to put in, and that he thought he had already put in one. The defense, which had been put in, was an inequitable and unconscionable one, and was adjudged by the court to be an illegal one. We hold that the discretion given to the court, on sustaining or overruling a demurrer, to allow amendments to, or additional pleadings, filed in a sound legal discretion, and is subject to control and revision by this court, but that a clear or strong case of its abuse must be shown, before this court will interfere with it. This clear or strong case is not shown here, but, on the contrary, we think it would have been an abuse of judicial discretion of the district court, under the law, and with this rule before it, to have allowed the amendment to be made. If the defendant below had shown, to the satisfaction of the court, that his defense had arisen since the former answer was filed, or that he did not know of it at the time, or, that by sickness or unavoidable accident, he had been prevented from putting it in, it should have been allowed by the court.

ORDER.—The judgment of said district court is, in all things, affirmed, and a special mandate is ordered to said court, to carry the same into effect; final judgment here, for costs in this court, and execution awarded thereon.